María del Pilar Becerril de Cerra et al., Plaintiffs and Appellees, *v.* Domingo Cerra, Defendant and Appellee; The United Porto Rican Bank, Defendant and Appellant.

No. 6462. Argued March 15, 1934.—Decided February 12, 1935.

*F. González, Jr.,* for appellant. *Arturo Aponte* for plaintiffs-appellees.

Mr. Justice Aldrey delivered the opinion of the court.

María del Pilar Becerril, widow of Cerra, and her children, Enrique and María del Carmen Cerra Becerril, in March 1933, brought, in the District Court of Humacao, an action against Domingo Cerra and The United Porto Rican Bank, and alleged that in May 1930 they leased to Domingo Cerra, until June 30, 1934, a rural property known as "Convento" containing 1029 acres (*cuerdas*) and three small parcels, for an annual rental of $10,000, payable quarterly in advance, the lessee binding himself to pay the taxes on the properties; that once in possession of said land, Domingo Cerra planted a part thereof with cane, and on June 6, 1930, entered into a crop loan contract with The United Porto Rican Bank, which contract was recorded in the Registry of Agricultural Contracts of Humacao, whereby he encumbered in favor of said bank all the plantings of cane on those properties and any sugar they might produce, to secure the payment of the agricultural advances made to him by said bank and interest thereon up to June 30, 1933, and until the full amount of his debt had been paid to the bank; that the lessee had on the properties several plantings of cane

planted before June 6, 1930, to be cut from January to June, 1933, and that Domingo Cerra had failed to pay the taxes amounting to $7,135.86, with the result that said properties were attached by the Treasurer of Puerto Rico; that he had also failed to pay to the plaintiffs the rentals since July 1, 1931, amounting to $15,000; and that the bank knew that Domingo Cerra was insolvent, as he had no other property than the cane mentioned. On these allegations the plaintiffs prayed for a judgment ordering Domingo Cerra to pay to them $7,135.86 for taxes, plus the $15,000 of arrears of rent, and such quarterly installments as might become due, until the properties should be delivered; declaring that said sums are entitled to preference over any amount that The United Porto Rican Bank might have delivered to Domingo Cerra by reason of the said contract for agricultural advances; and decreeing also that the cane existing on the properties is subject to a preferred lien in favor of the plaintiffs so that they, before any other person, including The United Porto Rican Bank, could be paid out of the proceeds of said cane, and that the said bank had no right to recover anything out of said cane until the plaintiffs had collected the whole amount of their credits.

In the following June the plaintiffs presented a motion, stating that after the complaint was filed, the plantings of cane existing on the parcels the object of the litigation were attached to secure the effectiveness of any judgment that might be rendered; that together with the complaint the plaintiffs filed a petition requesting the appointment of a receiver to look after said plantings and to proceed, under the orders of the court, to discharge all other duties entrusted to him; that instead of a receiver being appointed immediately, the defendant, Cerra, was placed in charge of the grinding of the cane under a contract made for the purpose with The Fajardo Sugar Co. of Porto Rico, the proceeds of the cane to be deposited in the office of the clerk of the court, to abide the result of the litigation and all its in-

cidents; that after the grinding season had terminated at The Fajardo Sugar Co. of Porto Rico without the latter having been able to grind all the cane the object of the litigation, the plaintiffs filed another petition in regard to the appointment of the receiver, to prevent the loss of the unground cane and to take immediate steps to have it ground in some other factory; that the district court, after the proper hearing and argument of the parties, appointed a receiver, who was sworn and took up his duties; that the time taken up by the grinding of the cane at The Fajardo Sugar Co. of Porto Rico, and that elapsed until the closing of the grinding season at the Central Pasto Viejo, where the last of Domingo Cerra's cane was ground, amounted to four months and five days, during which period the plaintiffs were entitled to a reasonable amount for the use of the land the object of the litigation, without taking into consideration the judgment that might finally be rendered, an amount not less than $833.35 a month—$3,472.21 in all—that the plaintiffs should receive. Based thereon they prayed the court to order that there be paid over to them, out of the funds in the clerk's office and subject to the receivership, the sum of $3,472.21 as the reasonable price for the use of the lands of the Convento Estate.

The defendant, Cerra, consented to that petition, but The United Porto Rican Bank opposed it and alleged, among other things, that the plaintiffs had no right whatever to the relief sought by them, as the proceeds of said cane were subject to the crop lien in favor of the bank, which was paramount to plaintiffs' claim, because the money deposited in the office of the clerk of the court was not, and never had been, in the receiver's hands, but was obtained and deposited in the office of the clerk of the court pursuant to a written stipulation of the parties; because, being attached, that money could not be disposed of except by final judgment; that on the Convento property only 443 *cuerdas* were planted, and it is for that alone, in any case, that payment would have

to be made since the appointment of the receiver on May 17, 1933; that the amount claimed is excessive, as not more than one dollar a *cuerda* a year should be paid on the land planted with cane, and because the court had already decided that the People of Puerto Rico be paid what was due it for taxes. That motion was decided by an order of the district court June 30, 1933, rendered by an acting judge, decreeing, after hearing the parties, that the clerk of the court pay over to the plaintiffs the sum of $2,754.99 for the use of the land from February 3 to June 8, 1933, without prejudice to any right to which the parties might be entitled. From that order the said bank took the present appeal, in which the plaintiffs have not appeared.

██ The order from which this appeal is taken is appealable according to the decision in the case of *Santiago* v. *Benvenutti*, 43 P.R.R. 343.

The allegations of the complaint clearly raise the question of whether the plaintiffs are entitled to recover, out of the cane planted by their lessee, what he owes them under the contract of lease entered into between them, with preference over any other of said lessee's creditors, including The United Porto Rican Bank, a crop loan creditor, to which the law concerning contracts for agricultural advances grants preference from the date of the recording of its contract in the registry of agricultural contracts, over other subsequent credits of any kind, except debts for taxes, in regard to the fruits the object of the crop lien, during the years stipulated in the contract and until the creditor is fully reimbursed the amount of his credit. Consequently, until it is decided by a judgment that the lessors may recover out of the proceeds of the cane planted on their property by the lessee, with preference over the bank that made the crop loan and to which the law grants, for the collection of its credits, preference over any other subsequent credit to the recording of its crop loan contract in the register of agricultural contracts, with the exception of taxes, it can not be ordered that the

plaintiffs collect any amount whatever out of the proceeds of the cane subject to the crop lien, for the use of the lands by the receiver appointed in this suit.

The order appealed from must be reversed and another rendered instead denying the plaintiff's motion of June 23, 1933.